IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CR-242-G |
| NTIMANSIEMI KISOMBE LUSANDU | § | |
| a/k/a Lusandu Ntimansiemi Kisombe | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant Ntimansiemi Lusandu, by and through his counsel of record, has filed a motion to reconsider bond. For the reasons stated herein, the motion is denied.

I.

Defendant is charged by indictment with making false statements in a passport application, false representation of United States citizenship, and false representation of a social security account number in violation of 18 U.S.C. §§ 1542 & 911 and 42 U.S.C. § 408(a)(7)(B). At his initial appearance in this district on November 4, 2005, the government renewed its motion to detain the defendant based, in part, on his immigration status.[1] The court scheduled a detention hearing for November 7, 2005. Prior to that hearing, defendant, who was represented by counsel, waived his right to a detention hearing and agreed to remain in federal custody pending the disposition of the charges against him. A written waiver was signed by defendant and filed among the papers in this case. This document provides:

---

[1] Pretrial Services advises that defendant is a citizen of the Congo who has been granted asylum in the United States. If he is convicted of the instant offense, his asylum status is subject to revocation.

> When I first appeared before the United States Magistrate Judge, he explained to me that I have the right to a detention hearing. He informed me that a detention hearing is a hearing before the Magistrate Judge at which the United States Attorney must produce evidence to satisfy the Magistrate Judge that there is no reason to believe that I will not appear or that I am a danger to the community or a flight risk.
>
> At that first appearance, he set a detention hearing for a later date. He told me that I could, after talking to my attorney, waive the detention hearing. He explained that "waive" means to voluntarily and knowingly give up my right to have that detention hearing.
>
> I have talked with my attorney, who has discussed my case with me and my right to this detention hearing. After talking with my attorney, I ask the Court to enter my waiver of the detention hearing.

Before accepting this waiver, the magistrate judge informed defendant on the record that he could not change his mind and request a detention hearing at a later date. Defendant acknowledged his right to a detention hearing and said he understood the effect of his waiver. Based on those representations, the court found that the waiver was knowingly, voluntarily, and intelligently made and ordered that defendant be detained pending the disposition of the charges against him. *See* Det. Order, 11/7/05.

On November 16, 2005, defendant filed the instant motion seeking a reconsideration of his bond status. As grounds for his motion, defendant alleges that "he has learned through an expert in immigration law that a bond is possible once in custody of immigration authorities." (Def. Mot. at 1, ¶ II). The government opposes the motion.

II.

The procedures governing detention hearings are set forth in the Bail Reform Act, 18 U.S.C. § 3142, *et seq.* Upon motion by the government in a case where a defendant is eligible for

detention,[2] the court must hold a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f). This hearing must be held at the initial appearance, unless the government or the defendant requests a continuance. *Id.* If, at the conclusion of this hearing, the court determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the defendant must be detained pending trial. *Id.* § 3142(e) & (f). Once the court enters a detention order, the hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.* § 3142(f).

Like most rights guaranteed by federal law, the right to a detention hearing may be waived by a defendant. Such is the case here. The only justification offered by defendant for withdrawing his waiver is that he recently learned that bond is possible once he is transferred to immigration custody. While that fact may not have been known to defendant or his attorney at the time of the detention hearing, it does not effect the validity of his waiver. Defendant could have insisted on a detention hearing despite his immigration status. Indeed, the court is not required to detain defendant merely because he is a citizen of another country who may be deported if convicted of the instant offense. That is but one factor to consider in determining whether there are conditions of release that would reasonably assure the appearance of the defendant as required and the safety of

---

[2] Defendant is eligible for detention as a potential flight risk. *See* 18 U.S.C. § 3142(f)(2)(A).

the community. *See id.* § 3142(g)(3) (court may consider history and characteristics of defendant).[3]

In this case, defendant elected to waive his right to a detention hearing rather than have immigration authorities take him into custody. Although he now has changed his mind, defendant fails to allege, much less prove, that his waiver was not knowing and voluntary at the time it was made. Accordingly, his motion for a detention hearing is denied.

SO ORDERED.

DATED: November 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

[3] The Bail Reform Act allows for the temporary detention of aliens who may be a flight risk or a danger to the community. However, if immigration authorities fail to take the alien into custody during the statutory period, "such person shall be treated in accordance with the other provisions of this section, *notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings*." 18 U.S.C. § 3142(d) (emphasis added). *See also United States v. Adomako*, 150 F.Supp.2d 1302, 1304 (M.D. Fla. 2001).